Gary Burger, *Pro Hac Vice*
Burger Law, LLC
500 N. Broadway, Suite 1860
St. Louis, Missouri 63102
(314) 542-2222
Gary@Burgerlaw.com

Bret M. Hanna
Wrona Dubois, PLLC
1745 Sidewinder Dr.
Park City, UT 84060
(434) 649-2525
Hanna@wdlawfirm.com

*Attorneys for Plaintiffs*

Audrey S. Olson USB# 16314
Veronica T. von Grabow (pro hac vice)
Andrew D. Kinghorn (pro hac vice)
JACKSON LEWIS P.C.
215 S. State Street, Suite 760
Salt Lake City, Utah 84111
Telephone: (801) 736-3199
Audrey.olson@jacksonlewis.com
Veronica.vongrabow@jacksonlewis.com
Andrew.kinghorn@jacksonlewis.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **EDGAR CASTRO, JORGE GUILLEN**, and **JASON JOHNSON**,<br><br>Individually and On Behalf of All Others Similarly Situated<br><br>**Plaintiffs**,<br><br>v.<br><br>**MANAGEMENT & TRAINING CORPORATION**,<br><br>**Defendant**. | Case No. 1:20-cv-00058-DAK-DBP<br><br>**JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT**<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## I. INTRODUCTION

This is a collective action alleging the non-payment of wages/overtime under the Fair Labor Standards Act (the "FLSA"). At mediation, Plaintiffs Edgar Castro, Jorge Guillen and Jason Johnson ("Representative Plaintiffs," "Class Representatives," or "Plaintiffs"), on behalf of themselves and those similarly situated, and Defendant Management & Training Corporation ("Defendant") have reached a proposed settlement (the "Settlement Agreement" or "Agreement") to resolve all claims in dispute. The Settlement Agreement serves to resolve all federal wage and hour claims for current and former employees of Defendant who timely opted into the conditionally certified collective action pursuant to Section 16(b) of the FLSA (the "Settlement Class" or "Class").

The Parties respectfully request that this Court:

1. Grant Final Certification to the FLSA Collective Action for purposes of settlement only;

2. Approve the Settlement Agreement as to the FLSA Collective Action pursuant to § 216(b) of the FLSA;

3. Approve Representative Plaintiffs' request for service payments; and

4. Approve Counsel for Plaintiffs' request for attorney's fees and costs.

In support of this Motion, the Parties submit the attached Memorandum in Support and the following documents and proposed order:

**Exhibit 1:** Collective Action Settlement Agreement (the "Settlement Agreement");

**Exhibit 2:** Declaration of Gary K. Burger ("Burger Decl."); and

**Exhibit 3:** Proposed Order Approving the Settlement Agreement Pursuant to the FLSA.

As explained in the attached Memorandum, the Settlement Agreement was reached during arms-length negotiations between the Parties, including Mediation before mediator Michael Ungar, and was informed by substantial investigation, exchange of employee data and payroll information, damages analysis, and on the basis of mutual recognition of the strengths and weaknesses of each party's positions, and the risks and costs to each side of continued litigation.

*/s/ Gary Burger*
Gary Burger, *Pro Hac Vice*
Burger Law, LLC
500 N. Broadway, Suite 1860
St. Louis, Missouri 63102
(314) 542-2222
Gary@Burgerlaw.com

Bret M. Hanna
Wrona Dubois, PLLC
1745 Sidewinder Dr.
Park City, UT 84060
(434) 649-2525
Hanna@wdlawfirm.com

*Attorneys for Plaintiffs*

*/s/ Veronica von Grabow*
Audrey S. Olson USB# 16314
Veronica T. von Grabow (pro hac vice)
Andrew D. Kinghorn (pro hac vice)
JACKSON LEWIS P.C.
215 S. State Street, Suite 760
Salt Lake City, Utah 84111
Telephone: (801) 736-3199
Audrey.olson@jacksonlewis.com
Veronica.vongrabow@jacksonlewis.com
Andrew.kinghorn@jacksonlewis.com

*Attorneys for Defendant*

**MEMORANDUM IN SUPPORT**

II.     **FACTUAL AND PROCEDURAL BACKGROUND.**

    A.     **Relevant Procedural History.**

On May 12, 2020, Representative Plaintiffs Lisa Aguilar, Edgar Castro, Arlene Dungan, Jorge Guillen, Veronica Hernandez and Jason Johnson filed their Collective and Class Action Complaint on behalf of themselves and other similarly situated. (ECF No. 3). In their Complaint, Representative Plaintiffs alleged that Defendant violated the Fair Labor Standards Act and the New Mexico Minimum Wage Act by failing to pay Representative Plaintiffs and the Class Members for all hours worked, resulting in unpaid straight time and overtime. (*Id.*). Specifically, Plaintiffs alleged that they and other correctional officers were not compensated for time spent engaged in certain pre- and post-shift activities, including time engaged in pre-shift security screening, receiving shift assignments, receiving equipment, receiving pass-down briefings, securing inmates, providing pass-down briefings to incoming officers, returning equipment, etc. (*Id.*). Representative Plaintiffs also alleged unjust enrichment, breach of contract and quantum meruit in Counts III-V of their original Complaint. (*Id.*).

On July 6, 2020, Defendant filed a Motion to Dismiss Representative Plaintiffs Lisa Aguilar and Arlene Dungan and to Dismiss or, Alternatively, Transfer the Texas and Ohio Claims to the Northern District of Ohio. (ECF No. 17). Plaintiffs subsequently filed their Response in which they did not oppose dismissal of Lisa Aguilar and Arlene Dungan because their claims were barred by the statute of limitations (ECF No. 26). In addition, Plaintiff

Veronica Hernandez voluntarily dismissed her claim without prejudice so she could opt-in to the case of *Seiber v. Management & Training Corporation*, Case No. 3:19-cv-2983. (ECF No. 25). Plaintiffs filed a Motion for Leave to File an Amended Complaint (ECF No. 27) concurrently with their Response which omitted Aguilar and Dungan as Plaintiffs and excluded correctional officers working at Defendant's facilities in Ohio and Texas from the proposed FLSA Collective. (*Id.*). This Court granted Plaintiffs' Motion for Leave (ECF No. 31).

On September 28, 2020, Plaintiffs Edgar Castro, Jorge Guillen and Jason Johnson filed their First Amended Complaint, which reasserted Plaintiffs' claims under the FLSA, the New Mexico Minimum Wage Act and unjust enrichment laws of New Mexico and Mississippi. (ECF No. 33). Defendant filed its Answer on October 13, 2020, denying that it had failed to compensate its employees for all hours worked, denying all alleged violations of state and federal law, and asserting affirmative defenses to same. (ECF No. 35).

On January 15, 2021, the Parties filed a Joint Motion to Approve Stipulated Form of Notice of Collective Action, Stay Litigation Pending Mediation and Dismiss State Claims. (ECF No. 37). In their Motion, the Parties agreed to conditional certification of a collective action as to Plaintiffs' FLSA claims as to correctional officers employed at a total of 4 of Defendant's facilities, including three facilities in Mississippi and one facility in New Mexico. (*Id.*). The Parties also stipulated to dismissal of Plaintiffs' state law claims and moved the Court for a stay of proceedings pending the outcome of mediation. This Court granted the joint motion and directed that Notice and Consent forms be issues to the conditionally certified FLSA Collective in the form proposed by the Parties. (ECF No. 39). The 363 current and former employees of Defendant who opted in to the Collective Action are included in the definition of "Settlement

Class" or "Class." This Court also dismissed Plaintiffs' state law claims and stayed litigation pending the outcome of mediation. (ECF No. 39).

### B. Negotiation of the Settlement.

The Parties began discussing the possibility of resolution after engaging in written discovery. (Burger Decl. at ¶ 10). As a result of these discussions, on January 15, 2021, the Parties moved this Court for a Stay of Proceedings to focus efforts on preparing for mediation with private mediator Michael Ungar. (ECF No. 37). This Court granted the Parties' requested stay. (ECF No. 39).

In advance of mediation, counsel for Defendant provided counsel for Plaintiffs with detailed time and payroll data for the Settlement Class. (Burger Decl. at ¶ 11). Upon receiving this information, Plaintiffs' Counsel, in conjunction with a statistician Plaintiffs' Counsel engaged as a consultant, computed the Plaintiffs' alleged damages, along with the alleged damages of the Class. (*Id.*). The Parties successfully mediated this case with highly regarded private mediator, Michael Ungar, on September 24, 2021. (*Id.*).

### C. The Settlement Terms.

If approved by the Court, the Settlement Agreement will cover the claims of Representative Plaintiffs and the Settlement Class. The Total Settlement Amount is $130,000.00, which sum will cover: (a) all of the individual payments allocated to the Settlement Class; (b) a service payment to each Representative Plaintiff; (c) Class Counsel's attorney's fees and expenses; and (d) the forthcoming costs of administration of the Settlement.

If these terms are approved by the Court, of the Total Settlement Amount, $59,117.98 will be allocated to payments for the 363 Class Members. (*Id.* at ¶ 15). This represents an average recovery of approximately $162.86 per Class Member. (*Id.*). Each Class Member's

specific award will be calculated on a *pro rata* basis based on the number of workweeks the Class Member worked during the three years prior to filing the Complaint. (*Id.*).

Aside from the Individual Settlement Payments, the Settlement Agreement provides that $2,500.00 of the Total Settlement Amount will be paid to each Representative Plaintiff, in addition to their Individual Settlement Payments, for their service as Representative Plaintiffs. (Burger Decl. at ¶ 13). In addition, $54,382.02 of the Total Settlement Amount will be paid to Class Counsel for attorney's fees of $43,333.33 and costs incurred in the amount of $11,048.69. (*Id.*). Finally, $9,000.00 of the Total Settlement Amount is allocated for the issuance of payments by a third-party administrator. (*Id.*).

### III.   THE SETTLEMENT SHOULD BE APPROVED PURSUANT TO THE FLSA

Section 216(b) of the FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated to recover unpaid minimum wages, unpaid overtime compensation, and an additional equal amount as liquidated damages. The Parties agree, for the purposes of settlement only, that Plaintiffs' claims are representative of the 363 Class Members who have opted into the collective action. Plaintiffs shall include those individuals who worked for Defendant as non-exempt employees during the Covered Period and who meet the other inclusion requirements described above.

The law favors compromise and settlement of collective and class action suits. *Tuten v. United Airlines, Inc.*, 41 F. Supp. 3d 1003, 1007 (D. Colo. 2014); *In re Thornburg Mortg.*, 912 F.Supp.2d 1178, 1227 (D. N.M. 2012). Settling parties routinely seek judicial approval of a proposed Settlement to ensure fairness and to give effect to the FLSA releases. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982) (approving FLSA settlement). The Tenth Circuit has not addressed whether parties can settle FLSA actions

claiming unpaid wages without court approval, but district courts within this district and within the Tenth Circuit have followed the approach endorsed by a majority of courts and assumed that judicial approval is necessary. *Keel v. O'Reilly Auto Enterprises, LLC*, No. 2:17-cv-667, 2018 WL 10509413 (D. Utah May 31, 2018) (citing *Brueningsen v. Resort Express Inc.*, No. 2:12-cv-843, 2016 WL 10537003 (D. Utah May 23, 2016); *Campbell v. C.R. England, Inc.*, No. 2:13-cv-262, 2015 WL 5773709 (D. Utah Sept. 30, 2015)). When presented with a proposed settlement, courts must first determine whether the settlement resolves a *bona fide* dispute—one that involves "factual issues rather than legal issues such as the statute's coverage and applicability." *Kraus v. PA Fit II, LLC*, 155 F. Supp. 3d 516, 530 (E.D. Pa. 2016) (citations omitted). If the dispute is *bone fide*, the court then asks two questions: First, is the settlement fair and reasonable to all parties concerned? And second, does the proposed settlement contain a reasonable award of attorneys' fees. *See Morton v. Transcend Servs., Inc.*, No. 15-cv-01393, 2017 WL 977813, at *1 (D. Colo. Mar. 13, 2017); *Lynn's Food Stores*, 679 F.2d at 1354.

The above standards are easily met here. The proposed settlement was reached after substantial litigation, which involved motion practice, written discovery and arms-length negotiations during mediation.

### A. There is a Bona Fide Dispute Regarding the Amount of Damages and whether Defendant Violated the FLSA.

The parties bear the burden of demonstrating that a bona fide dispute exists, and they can satisfy that burden by providing the court with sufficient information of the bona fide dispute's existence. *Cazeau v. TPUSA, Inc.*, No. 2:18-cv-00321, 2020 WL 3605652, at *4 (D. Utah July 2, 2020) (citations omitted). Such information may include: (1) a description of the nature of the dispute; (2) a description of the employer's business and the type of work performed by the employee; (3) the employer's reasons for disputing the employee's right to a minimum wage or

overtime; (4) the employee's justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. *Id.*

The parties have provided sufficient information for the Court to conclude that a bona fide dispute exists. First, Plaintiffs have set forth the nature of the dispute in detail in their Amended Complaint--Defendant requires Plaintiffs to perform pre- and post-shift duties in MTC facilities but fails to compensate them for that time under the FLSA. (ECF No. 33). Second, as described in the Amended Complaint, Defendant's primary business is to operate and provide services at correctional, detention, and processing facilities throughout the United States, and Defendant employed Plaintiffs and the Class Members as correctional officers responsible for the custody and discipline of inmates and detainees. (*Id.*).  Third, Defendant denies Plaintiffs' allegations and asserts, *inter alia*, that Plaintiffs and the Class Members were paid all wages due and that any time that has not been compensated, if any, does not constitute compensable time within the meaning of the FLSA. (ECF No. 35). Fourth, Plaintiffs allege that pre- and post-shift duties are compensable under the FLSA and the Portal to Portal Act because they are integral and indispensable to the principal activities of Plaintiffs and the Class Members, who all provide security in correctional environments; Defendant denies these allegations. (ECF No. 33). Fifth, Plaintiff's retained expert, statistician Scott Baggett, used the wage data from Defendant, Plaintiff's survey results, and reliable methodology to assess damages. Dr. Baggett estimated the total hours owed to be 29,893, with estimated damages of $654,334.81. Defendant contends that Plaintiffs were compensated for all hours worked and denies Plaintiffs' alleged damages.

There is accordingly a dispute relating to whether Defendant's conduct violated the FLSA and the amount of damages alleged by Plaintiffs.

### B. The Settlement is Fair and Reasonable.

To be fair and reasonable, an FLSA settlement must provide adequate compensation to the employee and must not frustrate the FLSA policy rationales. *Cazeau*, 2020 WL 3605652, at *3 (citation omitted). In assessing whether a proposed settlement is fair and reasonable, the court must consider four non-exhaustive factors: (1) the settlement was fairly and honestly negotiated, (2) serious legal and factual questions placed the litigation's outcome in doubt, (3) the immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation, and (4) the parties believed the settlement was fair and reasonable. *Campbell v. C.R. England, Inc.*, No. 2:13-cv-00262, 2015 WL 5773709, at *5 (D. Utah Sept. 30, 2015) (citing *Tennille v. W. Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015)). Where the settlement resulted from arm's length negotiations between experienced counsel after significant discovery occurred, the Court may presume the settlement to be fair, adequate, and reasonable. *Cazeau*, 2020 WL 3605652, at *3 (citation omitted).

Here, the Settlement Agreement was fairly and honestly negotiated. Prior to reaching the agreement, the parties thoroughly investigated the claims and defenses. The parties engaged in written discovery as the Representative Plaintiffs were served and responded to interrogatories and requests for production of documents. Moreover, the Settlement Agreement resulted from arm's length negotiations between the parties during private mediation with highly regarded private mediator, Michael Ungar, on September 24, 2021.

Likewise, the litigation involved a number of legal and factual questions which posed a substantial risk to both sides if litigation continued through trial or dispositive motion practice. While Plaintiff believes the allegations asserted in the action have merit and are supported by the information developed to date, Defendant has asserted that there are legitimate defenses to

liability in this action both in law and in fact. Specifically, Defendant disputes liability as it asserts that Plaintiffs and the Class Members were, in fact, compensated for all compensable work, contrary to the assertions set for in Plaintiffs' Amended Complaint. (Burger Decl. at ¶ 19). Furthermore, Defendant asserts any claim for uncompensated time is *de minimis*, and would fail as a matter of law if litigated. (*Id.*). Finally, Defendant asserts that all time attributed to security screening time is not compensable pursuant to the FLSA. (*Id.*). Plaintiffs' Counsel recognizes that proceeding with litigation poses not only additional expense and delay incurred as a result of proceedings necessary to prosecute the action through trial and appeal if necessary, as well as the attendant risk that a final result for Plaintiffs and the Class Members may be far less than the recovery available in this Settlement. (*Id.* at 20). In reaching the Settlement Agreement, both parties carefully considered the uncertain outcome and risk of any litigation. The risks involved in continuing to litigate this case make resolution through settlement more valuable than the mere possibility of a more favorable outcome after additional litigation.

Finally, based upon Plaintiffs' Counsel's expertise and experience, the settlement is fair and adequate to settle the claims of Plaintiffs and Class Members. Therefore, the settlement is fair and reasonable and should be approved by the Court.

      **C.**    **The Court Should Award Representative Plaintiffs the Requested Service Payments.**

The three Representative Plaintiffs seek service awards of $2,500 each. The requested service awards to Representative Plaintiffs recognizing the value of their services on behalf of other participants is proper.

"The purpose of [service] payments is to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation, and to reward the public service of contributing to the enforcement of mandatory laws." *Bredbenner v.*

*Liberty Travel, Inc.*, No. 09-1248, 2011 WL 1344745, at *22 (D. N.J. Apr. 8, 2011). By bringing suit against a large company and having documents publicly filed with their names on them, named plaintiffs who assist in class action litigation "[take] on certain risks. By bringing suit against a major company[,]… they risk their good will and job security in the industry for the benefit of the class as a whole." *Id.*; *see also UFCW Local 880-Retail Food v. Newmont Mining Corp.*, 352 Fed. Appx. 232, 235 (10th Cir. 2009) ("a class representative may be entitled to an award for personal risk incurred or additional effort and expertise provided for the benefit of the class"); *Whittington v. Taco Bell of Am., Inc.*, No. 10-cv-01884-KMT-MEH, 2013 WL 6022972, at *6 (D. Colo. Nov. 13, 2013) (approving $7,500 service payment for the named plaintiff); *In re Bank of Am. Wage & Hour Empl. Litig.*, No. 10-MD-2138-JWL, 2013 WL 6670602, at *4 (D. Kan. Dec. 18, 2013) (approving service payments which in the aggregate would not exceed $200,000).

Here, the requested service awards are warranted because the three Representative Plaintiffs greatly assisted in the litigation and the resolution of this case. They contributed significant time and effort towards the achievement of the settlement by hiring counsel on behalf of the class, by submitting sworn interrogatory responses and producing documents in the course of litigation, by providing other detailed factual information that was critical in enabling the parties to successfully resolve this matter, and by spending their time discussing the merits and risks of their claims. (Burger Decl. at ¶ 22). The substantial benefits conferred upon the Class in this settlement are directly attributable to the time and effort expanded by the Representative Plaintiffs. For these reasons, the Class has greatly benefited from the efforts of the Representative Plaintiffs and it is accordingly requested that the service payments be awarded.

      **D.**    **The Attorney's Fees and Expenses to Plaintiffs' Counsel are Proper and Reasonable.**

The Settlement Agreement reflects Defendant's agreement not to oppose Plaintiffs' Counsel's application for attorney's fees in of up to one-third of the Total Settlement Amount and an additional amount for reimbursement of their reasonable costs and litigation expenses. Plaintiffs' Counsel's litigation expenses are $11,048.69. (Burger Decl. at ¶ 23). All of the expenses were incurred in the course of this action for the purpose of preserving, proving, and presenting the claims of Representative Plaintiffs and the Class Members. (*Id.* at ¶ 27). These expenses include filing fees, costs incurred by Plaintiffs' Counsel through engaging a statistician, and the costs incurred with surveying the Class Members regarding critical issues in this case.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In suits where a fund is recovered and fees are awarded therefrom by the Court, the United States Supreme Court has indicated that the correct approach is to compute fees as a percentage of the common fund recovered. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980) (approving fees paid out of a common fund for the benefit of the class); *Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984). The Tenth Circuit also recognizes the propriety of the percentage-of-the-fund method when awarding fees. *See Gottlieb v. Barry*, 43 F.3d 474, 484 (10th Cir. 1994); *see also Peterson v. Mortg. Sources, Corp.*, No. CIV.A. 08-2660-KHV, 2011 WL 3793963, at *12 (D. Kan. Aug. 25, 2011) ("This Court has also typically applied the percentage of the fund method when awarding fees in common fund, FLSA collective actions.") Ultimately, "the percentage reflected in a common fund award must be reasonable." *Brown v. Phillips Petrol. Co.*, 838 F.2d 451, 454 (10th Cir. 1988).

In assessing reasonableness, the Tenth Circuit considers: (1) time and labor required; (2) novelty and difficulty of question presented by the case; (3) skill requisite to perform the legal

service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation and ability of the attorneys; (10) "undesirability" of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Gottlieb*, 43 F.3d at 483 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)); *see also Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F. 3d 849, 854 (10th Cir. 1993) (recognizing the court need not consider every single *Johnson* factor). Although the Court may consider any or all of the *Johnson* factors, "rarely are all of the *Johnson* factors applicable," particularly in common fund cases. *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 456 (10th Cir. 1988).

Plaintiffs' counsel requested attorney's fees and costs are reasonable in light of the *Johnson* factors. Plaintiffs' counsel litigated this case for nearly a year and half and spent considerable time and expense prosecuting the claims. Moreover, Plaintiffs' counsel took this case on a contingency fee and risked receiving no payment in light of the factual and legal defenses involved in the case.

Plaintiffs' counsel also has experience in litigating wage and hour claims, including several cases involving correctional officers pre- and post-shift duties. (Burger Decl. at ¶ 5). Plaintiffs' counsel has also been approved by other courts as class counsel in wage and hour collective actions. (*Id.*). In addition, Defendant does not contest Plaintiffs' counsel's request for attorney's fees and costs in the amounts provided by the Settlement Agreement. Moreover, the efficient resolution of this case, without the necessity for prolonged litigation, was a result of

Plaintiffs' counsel's experience in handling complex litigation and extensive knowledge of wage and hour law. (*Id.* at ¶ 25).

Moreover, a one-third fee request represents a customary contingency fee and courts in the Tenth Circuit have awarded similar attorney's fees in similar cases. *See e.g.*, *Uselton*, 9 F.3d at 854 (approving fee award of 29% percent of the common fund); *Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R.England, Inc.*, No. 2:02-CV-950, 2014 WL 3943994, at *2 (D. Utah June 19, 2014) (approving a fee award that represented 33.3% of a settlement fund); *Lucken Family Ltd. P'ship, LLP v. Ultra Resources, Inc.*, 2010 WL 5387559, at *5-6 (D. Colo. Dec. 22, 2010) ("The customary fee award to class counsel in a common fund settlement is approximately one third of the total economic benefit bestowed on the class.").

Finally, Plaintiffs' counsel's litigation costs of $11,048.69 are also reasonable. In order to obtain resolution in this case, Plaintiffs' counsel agreed to advance the expenses and costs of litigation, discovery, and issuance of notice for the benefit of Plaintiffs and the Settlement Class. (Burger Decl. at ¶ 27). It is appropriate that the Court approve the reimbursement of these necessary expenses and costs to Plaintiffs' Counsel from the common fund pursuant to the terms of the Settlement Agreement. *See Tuten,* 41 F.Supp.3d at 1009 ("[A]n attorney who creates or preserves a common fund for the benefit of the class is entitled to receive reimbursement of all reasonable costs incurred.")

### III.   CONCLUSION

For the reasons stated above, Representative Plaintiffs and Defendant request that the Court grant final certification to the FLSA Collective Action for settlement purposes only, enter the Order attached as Exhibit 3 approving the Settlement Agreement attached as Exhibit 1 as to the FLSA Collective Action pursuant to § 216(b) of the FLSA, approve Representative

Plaintiffs' request for service payments and approve Counsel for Plaintiffs' request for attorney's fees and costs.

Respectfully submitted,

| | |
|---|---|
| */s/ Gary Burger*  <br>Gary Burger, *Pro Hac Vice*  <br>Burger Law, LLC  <br>500 N. Broadway, Suite 1860  <br>St. Louis, Missouri 63102  <br>(314) 542-2222  <br>Gary@Burgerlaw.com  <br><br>Bret M. Hanna  <br>Wrona Dubois, PLLC  <br>1745 Sidewinder Dr.  <br>Park City, UT 84060  <br>(434) 649-2525  <br>Hanna@wdlawfirm.com  <br><br>*Attorneys for Plaintiffs* | */s/ Veronica von Grabow*  <br>Audrey S. Olson USB# 16314  <br>Veronica T. von Grabow (pro hac vice)  <br>Andrew D. Kinghorn (pro hac vice)  <br>JACKSON LEWIS P.C.  <br>215 S. State Street, Suite 760  <br>Salt Lake City, Utah 84111  <br>Telephone: (801) 736-3199  <br>Audrey.olson@jacksonlewis.com  <br>Veronica.vongrabow@jacksonlewis.com  <br>Andrew.kinghorn@jacksonlewis.com  <br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 17th day of December, 2021, a true and correct copy of the foregoing was filed and served via CM/ECF upon all counsel of record.

/s/ Gary K. Burger