Gary Burger, *Pro Hac Vice*
Burger Law, LLC
500 N. Broadway, Suite 1860
St. Louis, Missouri 63102
(314) 542-2222
Gary@Burgerlaw.com

Bret M. Hanna
Wrona Dubois, PLLC
1745 Sidewinder Dr.
Park City, UT 84060
(434) 649-2525
Hanna@wdlawfirm.com

*Attorneys for Plaintiffs*

Audrey S. Olson USB# 16314
Veronica T. von Grabow (pro hac vice)
Andrew D. Kinghorn (pro hac vice)
JACKSON LEWIS P.C.
215 S. State Street, Suite 760
Salt Lake City, Utah 84111
Telephone: (801) 736-3199
Audrey.olson@jacksonlewis.com
Veronica.vongrabow@jacksonlewis.com
Andrew.kinghorn@jacksonlewis.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **EDGAR CASTRO, JORGE GUILLEN**, and **JASON JOHNSON**,<br><br>Individually and On Behalf of All Others Similarly Situated<br><br>**Plaintiffs**,<br><br>v.<br><br>**MANAGEMENT & TRAINING CORPORATION**,<br><br>**Defendant**. | Case No. 1:20-cv-00058-DAK-DBP<br><br>**ORDER APPROVING FLSA SETTLEMENT**<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

**Exhibit 3**

Plaintiffs Edgar Castro, Jorge Guillen and Jason Johnson ("Plaintiffs") and Defendant Management & Training Corporation ("Defendant") have moved the Court for approval of settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b).

The Settlement serves to resolve all federal wage and hour claims for current and former employees of Defendant who timely opted into the conditionally certified collective action pursuant to Section 16(b) of the FLSA (the "Settlement Class" or the "Class").

Having reviewed the Settlement Agreement, as well as the Parties' Joint Motion, the Declaration appended thereto, and the pleadings and papers on file in this Action, and for good cause established therein, the Court hereby enters this Order granting approval of the settlement of the Settlement Class, as follows:

1.   On May 12, 2020, Representative Plaintiffs Lisa Aguilar, Edgar Castro, Arlene Dungan, Jorge Guillen, Veronica Hernandez and Jason Johnson filed their Collective and Class Action Complaint on behalf of themselves and other similarly situated. (ECF No. 3). In their Complaint, Representative Plaintiffs alleged that Defendant violated the Fair Labor Standards Act and the New Mexico Minimum Wage Act by failing to pay Representative Plaintiffs and the Class Members for all hours worked, resulting in unpaid straight time and overtime. (*Id.*). Specifically, Plaintiffs alleged that they and other correctional officers were not compensated for time spent engaged in certain pre- and post-shift activities, including time engaged in pre-shift security screening, receiving shift assignments, receiving equipment, receiving pass-down briefings, securing inmates, providing pass-down briefings to incoming officers, returning equipment, etc. (*Id.*). Representative Plaintiffs also alleged unjust enrichment, breach of contract and quantum meruit in Counts III-V of their original Complaint. (*Id.*).

2.      On July 6, 2020, Defendant filed a Motion to Dismiss Representative Plaintiffs Lisa Aguilar and Arlene Dungan and to Dismiss or, Alternatively, Transfer the Texas and Ohio Claims to the Northern District of Ohio. (ECF No. 17). Plaintiffs subsequently filed their Response in which they did not oppose dismissal of Lisa Aguilar and Arlene Dungan because their claims were barred by the statute of limitations. (ECF No. 26). In addition, Plaintiff Veronica Hernandez voluntarily dismissed her claim without prejudice so she could opt-in to the case of *Seiber v. Management & Training Corporation*, Case No. 3:19-cv-2983. (ECF No. 25). Plaintiffs filed a Motion for Leave to File an Amended Complaint (ECF No. 27) concurrently with their Response which omitted Aguilar and Dungan as Plaintiffs and excluded correctional officers working at Defendant's facilities in Ohio and Texas from the proposed FLSA Collective. (*Id.*). This Court granted Plaintiffs' Motion for Leave. (ECF No. 31).

3.      On September 28, 2020, Plaintiffs Edgar Castro, Jorge Guillen and Jason Johnson filed their First Amended Complaint, which reasserted Plaintiffs' claims under the FLSA, the New Mexico Minimum Wage Act and unjust enrichment laws of New Mexico and Mississippi. (ECF No. 33). Defendant filed its Answer on October 13, 2020, denying that it had failed to compensate its employees for all hours worked, denying all alleged violations of state and federal law, and asserting affirmative defenses to same. (ECF No. 35).

4.      On January 15, 2021, the Parties filed a Joint Motion to Approve Stipulated Form of Notice of Collective Action, Stay Litigation Pending Mediation and Dismiss State Claims. (ECF No. 37). In their Motion, the Parties agreed to conditional certification of a collective action as to Plaintiff's FLSA claims as to correctional officers employed at a total of 4 of Defendant's facilities, including three facilities in Mississippi and one facility in New Mexico. (*Id.*). The Parties also stipulated to dismissal of Plaintiff's state law claims and moved the Court

for a stay of proceedings pending the outcome of mediation. This Court granted the joint motion and directed that Notice and Consent forms be issues to the conditionally certified FLSA Collective in the form proposed by the Parties. (ECF No. 39). This Court also dismissed Plaintiffs' state law claims and stayed litigation pending the outcome of mediation. (ECF No. 39).

     5.     The Parties engaged in arms-length settlement negotiations that were well-informed by a damages analysis and that were facilitated by a private mediator. The settlement negotiations culminated in a proposed agreement to settle the case.

     6.     The Parties' Joint Motion for Approval of Collective Action Settlement was filed on November 15, 2021.

     7.     Having reviewed the Parties' Settlement Agreement and Joint Motion, the Court grants final certification of the FLSA Collective Action for Purposes of Settlement only.

     8.     Similarly, having reviewed the Parties' Settlement Agreement and Joint Motion, the Court grants as fair and reasonable, and as the product of arms-length negotiations between experienced counsel after substantial investigation, settlement of the FLSA Collective as to claims made pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

     9.     The Court grants Representative Plaintiffs' requested service payments as outlined in the Settlement Agreement.

     10.     The Court grants Counsel for Plaintiffs' request for attorney's fees and costs set forth in the Settlement Agreement.

     IT IS SO ORDERED this 20th day of December, 2021.

                                                                      _____
                                                                      Judge Dale A. Kimball
                                                                      United States District Court Judge